UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH LEE PRICE,<br><br>                    Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                    Defendant.<br>_____ / | CASE NO. 1:10-cv-02072-SKO<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS** |

**I. INTRODUCTION**

On November 4, 2010, Plaintiff Judith Lee Price ("Plaintiff") filed a complaint against the Commissioner of Social Security ("Defendant"). (Doc. 2.) The Court issued a scheduling order on November 8, 2010. (Doc. 7.) Pursuant to the provisions of the scheduling order, Defendant served the Social Security Administrative Transcript on Plaintiff on July 25, 2011. (Docs. 7, 12.) The scheduling order required Plaintiff to serve on Defendant a confidential letter brief outlining the reasons why Plaintiff believes that remand is warranted. (Doc. 7.) Plaintiff's confidential letter brief was to be served on Defendant within 30 days from the date of service of the transcript, i.e., on or before August 29, 2011.[1] (Doc. 7, 2:7-12.)

---

[1] This date reflects application of the Federal Rules of Civil Procedure 6(a)(1)(C), 6(a)(6)(A), and 6(d).

1   On September 27, 2011, Defendant filed a Notice of Non-Receipt of Plaintiff's Confidential
2   Letter Requesting Remand, indicating that Plaintiff had not served her confidential letter brief,
3   despite Defendant's counsel contacting Plaintiff's counsel through email and voice mail. (Doc. 13,
4   2:6-8.) On September 29, 2011, the Court issued an order to show cause, ordering Plaintiff to either
5   (1) file a written statement indicating why she should not be subject to sanctions, including
6   dismissal, for failure to comply with the Court's scheduling order, or (2) serve Defendant with the
7   confidential letter brief on or before October 7, 2011, and file proof of service with the Court. (Doc.
8   14.) Defendant was ordered to file a status report on or before October 12, 2011, informing the
9   Court whether Plaintiff's confidential letter brief was served. (Doc. 14.)

10  Plaintiff failed to file either a written statement or proof of service. On October 11, 2011,
11  Defendant filed a Response to Court's Order to Show Cause, informing the Court that Defendant had
12  not received Plaintiff's confidential letter brief and requesting dismissal of the action. (Doc. 15,
13  2:9-14.)

14  For the reasons set forth below, Plaintiff's complaint is DISMISSED WITH PREJUDICE.

## II.   DISCUSSION

16  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules
17  or with any order of the Court may be grounds for the imposition by the Court of any and all
18  sanctions . . . within the inherent power of the Court." District courts have the inherent power to
19  control their dockets and "[i]n the exercise of that power they may impose sanctions, including,
20  where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).
21  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
22  failure to obey a court order, or failure to comply with local rules. *See*, *e.g., Ghazali v. Moran*,
23  46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,
24  963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
25  amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for
26  failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone*
27  *v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with

court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

Here, Plaintiff has failed to comply with two Court orders: (1) the November 8, 2010, scheduling order requiring Plaintiff to serve on Defendant a confidential letter brief within thirty days of the service of the administrative record, and (2) the September 29, 2011, order to show cause requiring Plaintiff to either file a written statement with the Court indicating why she should not be subject to sanctions, including dismissal, or serve Defendant with the confidential letter brief. (Docs. 7, 14).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant action, the Court finds that the first two factors regarding the public's interest in expeditious resolution and the Court's need to manage its docket favor dismissal; Plaintiff has now completely disengaged from participation in this action, as evidenced by both her lack of compliance with the Court's scheduling order and her complete failure to respond to the order to show cause. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal.

Finally, an "explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal." *Malone*, 833 F.2d at 132-33. A court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Id.; see also Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. The Court's September 29, 2011, order to show cause expressly required Plaintiff to file a written statement explaining "why she should not be subject to sanctions, including

dismissal of the action, for failure to comply with the Court's scheduling order," or to serve Defendant with a confidential letter brief. (Doc. 14.) Plaintiff thus had adequate warning that dismissal would result from her noncompliance with the Court's order.

### III.  CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff Judith Lee Price's complaint is DISMISSED WITH PREJUDICE for failure to comply with the Court's November 8, 2010, scheduling order and September 29, 2011, order to show cause; and

2. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

**Dated:   October 19, 2011**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE